EMMA HARDY v. PHŒNIX MUTUAL LIFE INSURANCE COMPANY.

(Filed 23 December, 1914.)

**Supreme Court—Retaxing Cost—Full Cost of Transcript—Rules of Court.**

Where the defendant is the successful party on appeal, and on his motion to retax costs in the Supreme Court it appears in his written application in this Court that there was no unnecessary or superfluous matter in the transcript, and that the whole thereof was pertinent and necessary to a proper statement of the facts upon which the assignments of error were based, and the allowance specifically made in Rule 31 (164 N. C., 549) was not sufficient to pay for the cost of printing, which is not denied by the other party, it presents a proper instance for the Court to specially order that the full cost of printing the transcript be taxed against the plaintiff and the surety on his prosecution bond, under the further provisions of Rule 31.

*W, F. Evans and Julius Brown for plaintiff.*
*Harry Skinner and Albion Dunn for defendant.*

WALKER, J. This is a motion to retax the costs of this Court, so that the defendant may be allowed the entire cost of printing, instead of merely the amount already taxed, that is, 80 cents a page for sixty pages. It appears from the application, which is in writing, that there was no unnecessary or superfluous matter in the transcript, but that the whole thereof was pertinent and necessary to a proper statement of the facts upon which the assignments of error were based. The respondent, or appellee, has not answered the motion, but her silence admits the facts.

—

Rule 31 (164 N. C., 549) provides that the successful party in this Court shall recover the cost of printing the record at a rate not exceeding 70 cents for sixty pages, and 10 cents a page to the clerk of this Court for each page of the copy made by him for the printer, making 80 cents in all, "unless otherwise specially ordered by the Court." The appellant has brought its application within the rule, and it is a proper case for the exercise of our discretion in its favor by requiring the entire actual costs to be paid. It may be further said that it is perfectly just that the amount paid by appellant for the actual cost of printing should be refunded, for it is in no default, and was compelled to send up and print the entire transcript.

It is, therefore, adjudged that the motion be allowed, and the clerk of this Court will tax the costs accordingly and enter judgment for the same on the prosecution bond of appellee. It is advisable that this rule be fully understood in its practical application.

It is so ordered.

Motion allowed.